IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEERAJ KUMAR,**<br>　　　　　Petitioner,<br><br>　　v.<br><br>**J.L. JAMESON,** in his official capacity as Warden of the Philadelphia Federal Detention Center,<br>**MICHAEL ROSE,** in his official capacity as Acting Philadelphia Field Office Director of U.S. Immigration and Customs Enforcement,<br>**TODD LYONS,** in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br>**KRISTI NOEM,** in her official capacity as Secretary of the Department of Homeland Security, and<br>**PAMELA BONDI,** in her official capacity as U.S. Attorney General,<br>　　　　　Respondents. | **CIVIL ACTION**<br><br><br>**NO. 26-470** |

## MEMORANDUM

**HODGE, J.**                                                                                                       January 29, 2026

Petitioner Neeraj Kumar ("Petitioner" or "Mr. Kumar") is yet another of the numerous individuals who have been recently detained by immigration authorities. Petitioner challenges the legality of his detention by U.S. Immigration and Customs Enforcement ("ICE"), asserting that he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a) or immediate release. (ECF No. 1.) Respondents oppose the Petition, asserting that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A) in accordance with the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The Court finds that Respondents' argument results in detention without any hearing. Thus, the Court again joins with the hundreds of decisions

rejecting BIA's analysis, and grants Mr. Kumar's petition for a writ of habeas corpus (ECF No. 1) and orders his immediate release.[1]

I. **BACKGROUND**[2]

Respondents do not dispute the facts as stated in Mr. Kumar's petition, and therefore the Court accepts them as true. (ECF No. 5 at 3.) Mr. Kumar is a citizen of India. (ECF No. 1 ¶ 24.) On February 20, 2023, Mr. Kumar entered the United States at the U.S./Mexico border. (*Id.*) After his entry, he was apprehended by Customs and Border Patrol and subsequently released on his own recognizance. (*Id.*) Before his release, Mr. Kumar was served with a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled, or who arrived in the United States at a time or place other than as designated by the Attorney General. (*Id.*) The Notice to Appear was not filed with the Immigration Court until after the instant arrest. (*Id.*)

Mr. Kumar avers that he submitted an asylum claim with U.S. Citizenship and Immigration Services, attended his biometrics appointment, and obtained an Employment Authorization Document that allows him to be lawfully employed in the United States. (*Id.* ¶ 26.) The parties have not made the Court aware of any criminal history of Mr. Kumar.

As a condition of his release, Mr. Kumar was instructed to periodically report to ICE in Philadelphia. (*Id.* ¶ 25.) He complied with this requirement, and it was during his third ICE check-in on December 22, 2025 that he was arrested and taken into custody. (*Id.*) He is currently detained at the Federal Detention Center in Philadelphia. (*Id.*)

---

[1] Courts may decide the issues raised in the petition without a hearing, as they have done in similar recent cases. *See Rodrigues Pereira v. O'Neill*, No. 25-cv-6543, 2025 U.S. Dist. LEXIS 252833, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 U.S. Dist. LEXIS 265768, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

**II.     LEGAL STANDARD**

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

**III.    DISCUSSION**

Respondents argue this Court lacks jurisdiction to hear Mr. Kumar's claims pursuant to 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii). (ECF No. 5 at 6–9.) However, as my colleagues and I have explained repeatedly in numerous similar opinions issued on the same issue that is now before this Court, none of these statutes are applicable to the instant Petition. Indeed, as of December 16, 2025, there had been close to 300 decisions addressing the issues raised by Petitioner in this case in district courts across the country. *Garcia-Zamora v. Jamison*, No. 25-6656, 2025 WL 3642088, at *2 (E.D. Pa. Dec. 16, 2025). Almost all the cases nationwide, and all of this district's cases, have found jurisdiction to be proper and proceeded to rule on the merits in favor of the petitioner. *See Ambriev v. Rose*, No. 26-85, 2026 WL 92285 (E.D. Pa. Jan. 13, 2026); *Salinas Jaigua v. Jamison*, No. 25-7115, 2025 WL 3757076 (E.D. Pa. Dec. 29, 2025) (collecting cases). This Court again adopts the reasoning of those decisions.

The primary issue the parties dispute is whether mandatory detention pursuant to Section 1225(b)(2)(A) is unlawful where, as here, a noncitizen is already present in the United States. Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings*

*v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, the Department of Homeland Security ("DHS") issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by BIA, which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Respondents assert that Congress crafted the "applicants for admission" language of Section 1225(b)(2)(A) broadly to include noncitizens like Petitioner who are already present within the United States. (ECF No. 5 at 16.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Detention Center Phila.*, No. 25-5488, 2025

4

WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court.

Here, the parties do not dispute that Mr. Kumar was already in the United States upon his detention on December 22, 2025. He was not actively "seeking admission." Rather, he had previously entered the country, applied for asylum, and resided here for almost three years. There are no facts presented to this Court that demonstrate a basis for his detention absent a hearing. I therefore again join my colleagues and hold that Section 1225(b)(2)(A) cannot apply to Mr. Kumar. *See Salinas Jaigua*, 2025 WL 3757076 (collecting cases).

Respondents assert that Mr. Kumar's detention comports with due process. (ECF No. 5 at 16-17.) This Court strongly disagrees. The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Kumar. In this instance, he has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Respondents have set forth no facts suggesting he is more of a danger or flight risk now than when he was released by a border patrol official in 2023. To the contrary, since arriving in the United States, Mr. Kumar has submitted an application for asylum and has no demonstrable criminal record, both of which indicate the opposite conclusion. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to his detention on December 22, 2025. Because that hearing did not occur, he should not be in custody now.

## IV.    CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Petitioner's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

BY THE COURT:

/s/ Kelley B. Hodge
_____
**HODGE, KELLEY B., J.**