IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEERAJ KUMAR,**<br>　　　　　　**Petitioner,**<br><br>　　　　v.<br><br>**J.L. JAMESON,** in his official capacity as Warden of the Philadelphia Federal Detention Center,<br>**MICHAEL ROSE,** in his official capacity as Acting Philadelphia Field Office Director of U.S. Immigration and Customs Enforcement,<br>**TODD LYONS,** in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br>**KRISTI NOEM,** in her official capacity as Secretary of the Department of Homeland Security, and<br>**PAMELA BONDI,** in her official capacity as U.S. Attorney General,<br>　　　　　　**Respondents.** | **CIVIL ACTION**<br><br><br>**NO.  26-470** |

# O R D E R

**AND NOW**, this 29th day of January, 2026, upon consideration of Petitioner Neeraj Kumar's Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")) and the Government's response thereto (ECF No. 5), and for the reasons stated in the accompanying Memorandum, it is **HEREBY ORDERED** as follows:

　　　1.　　The Petition is **GRANTED**.[1] The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on January 30, 2026.**

---

[1] Based on the Court granting ECF No. 1, the Court denies Petitioner's Motion for Order to Show Cause (ECF No. 2) as moot.

2.     Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

3.     The Government is temporarily enjoined from re-detaining Petitioner until **February 5, 2026**.

4.     If the Government decides to pursue re-detention of Petitioner after February 5, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

5.     The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

6.     The Clerk of Court shall mark this case as closed.

                                           **BY THE COURT:**

                                           /s/ Kelley B. Hodge
                                           **HODGE, KELLEY B., J.**